IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01231-PAB-MEH

STEVEN BRADLEY JONES, SR.,

    Plaintiff,

v.

GEORGE SANTINI,
WILLIAMSON,
HECTOR LOZANO, and
LARRY HUTSON,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

**Michael E. Hegarty, United States Magistrate Judge**.

Defendants Dr. George Santini, Larry Hutson, Hector Lozano, and Williamson seek to dismiss Plaintiff Steven Bradley Jones' claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). According to Defendants, Mr. Jones' claims for deliberate indifference to medical needs and First Amendment retaliation do not allege sufficient facts to establish a constitutional violation. The Court finds that Defendants are entitled to qualified immunity on Mr. Jones' Eighth Amendment deliberate indifference claim. Because the Court separately recommends dismissing Mr. Jones' First Amendment retaliation claim for failure to exhaust, the Court does not reach the merits of this claim. As such, the Court recommends that Defendants' Motion to Dismiss be granted in part and denied in part.

# BACKGROUND

## I.  Facts

The following are relevant factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by Mr. Jones in his Second Amended Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On November 5, 2015, Defendant Dr. Thomas Kraus prescribed Mr. Jones an antibiotic known as "Ciprofloxacin." Am. Compl. 4, ECF No. 21. After Mr. Jones consumed the antibiotic for fourteen days, he began noticing adverse reactions to soap, deodorant, and toothpaste. *Id.* Specifically, Mr. Jones experienced "painful, itchy, burn-like lesions upon [his] face, hands, upper and underarms." *Id.* at 5.

In March 2016, Mr. Jones reported the issue to health services staff and requested to have his condition reviewed by a dermatologist. *Id.* at 3, 22. Although Mr. Lozano denied Mr. Jones' request to see a dermatologist, he referred Mr. Jones to the sick call protocol. *Id.* at 5. Mr. Jones has discussed his condition with Mr. Lozano on at least five separate occasions. *Id.* at 4. While standing in the meal line on July 7, 2017, Mr. Jones informed Mr. Lozano that he was not receiving proper treatment through the sick call protocol. *Id.* Mr. Lozano told Mr. Jones that he had a bad attitude about the situation. *Id.*

On three separate occasions, Mr. Jones also visited Mr. Hutson, the Health Service Administrator. *Id.* During the first visit, Mr. Hutson referred Mr. Jones to Dr. Santini, who prescribed a steroid. *Id.* The prescription did not improve Mr. Jones' condition. *Id.* During the second and third visits, Mr. Hutson referred Mr. Jones to the sick call protocol and denied Mr.

2

Jones' request for referral to a dermatologist. *Id.* On January 4, 2017, Mr. Jones visited Dr. Santini for a second time. *Id.* at 21. Dr. Santini prescribed a bethamethasone dip ointment. *Id.*

Mr. Jones also alleges that Mr. Williamson confiscated his cane on April 15, 2017. *Id.* at 5. According to Mr. Jones, a Bureau of Prisons ("BOP") employee against which Mr. Jones had filed a tort claim asked Mr. Williamson to take away the cane. *Id.* On July 7, 2017, Mr. Lozano allegedly told Mr. Jones, "it's your attitude about this situation that got your cane taken away." *Id.*

## II. Procedural History

As a result of these factual allegations, Mr. Jones filed a Writ of Mandamus with this Court on May 19, 2017. ECF No. 1. In a Second Amended Complaint filed on August 18, 2017, Mr. Jones asserts two claims for relief against the moving Defendants. Am. Compl. 4–5, ECF No. 21. First, Mr. Jones contends Defendants Santini, Lozano, and Hutson acted with deliberate indifference to his medical needs when they refused to refer him to a dermatologist and otherwise provided ineffective treatment for his skin condition. *Id.* at 4. Second, Mr. Jones asserts Defendants Williamson and Lozano violated his First Amendment rights when they confiscated his cane in retaliation for filing a tort claim. *Id.* at 5.

On October 27, 2017, Defendants filed the present Motion to Dismiss, ECF No. 41. With regard to Mr. Jones' deliberate indifference claim, Defendants contend Mr. Jones did not suffer an objectively serious medical need, and regardless, Mr. Jones does not allege that Defendants failed to take reasonable measures to abate a known risk of harm. *Id.* at 11–16. Furthermore, Defendants contend they are entitled to qualified immunity, because their conduct did not violate clearly established law. *Id.* at 16. Next, Defendants argue that Mr. Jones' First Amendment claim fails as a matter of law, because the Court should not imply a First Amendment *Bivens* remedy. *Id.* at 5–9.

Furthermore, Defendants contend Mr. Jones does not allege specific facts showing they took his cane away because of the exercise of his First Amendment rights. *Id.* at 16–19.

Defendants Lozano and Williamson separately filed a Motion for Summary Judgment, which argues Mr. Jones failed to exhaust the administrative remedies for his retaliation claim. ECF No. 42. The Court separately recommends granting Defendants' Motion for Summary Judgment.

## **LEGAL STANDARDS**

### I. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on

4

context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

## II. Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a pro se plaintiff's pleadings "liberally" and hold the pleadings "to a less stringent standard than formal pleadings filed by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Id.* (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean:

> [I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

## ANALYSIS

As an initial matter, the Court declines to address the merits of Mr. Jones' second claim for relief, because the Court separately recommends holding that Mr. Jones failed to properly exhaust his administrative remedies with regard to this claim. Pursuant to 42 U.S.C. § 1997(e)(a), the Court

may dismiss a cause of action for failure to state a claim notwithstanding that the plaintiff failed to exhaust administrative remedies for that claim. However, in this instance, the Court does not find it appropriate to address the merits of Mr. Jones' allegations. Neither party asks the Court to analyze whether Mr. Jones sufficiently alleges a First Amendment violation in the event it finds Mr. Jones failed to exhaust administrative remedies. Indeed, Defendants classify their exhaustion argument as a "threshold" issue. Mot. to Dismiss 2 n.2, ECF No. 41. Furthermore, the Court does not find that Mr. Jones' allegations are so insufficient so as to fail to state a claim "on its face." 42 U.S.C. § 1997(e)(c)(2).

Regarding Mr. Jones' claim for deliberate indifference to medical needs, the Court recommends holding that Defendants are entitled to qualified immunity. "The qualified immunity inquiry has two elements: whether a constitutional violation occurred, and whether the violated right was 'clearly established' at the time of the violation." *Armijo ex rel. Armijo Sanchez v. Peterson*, 601 F.3d 1065, 1070 (10th Cir. 2010). Mr. Jones satisfies neither.

    A.    <u>Constitutional Violation</u>

To prove an Eighth Amendment claim for deliberate indifference to serious medical needs, a plaintiff must satisfy objective and subjective components. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). "The objective component of the test is met if the harm suffered is 'sufficiently serious' to implicate the Cruel and Unusual Punishment Clause." *Id.* (quoting *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006)). The subjective component requires that the plaintiff prove the defendant disregarded a known substantial risk of harm by failing to take reasonable measures to abate it. *Callahan*, 471 F.3d at 1159. "The deliberate indifference standard poses 'a high evidentiary hurdle' 'akin to recklessness in the criminal law, where, to act recklessly,

6

a person must consciously disregard a substantial risk of serious harm.'" *Heidtke v. Corrs. Corp. of Am.*, 489 F. App'x 275, 280 (10th Cir. 2012) (unpublished) (quoting *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006)). Therefore, "the subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment." *Self*, 439 F.3d at 1232.

Even assuming Mr. Jones' condition (a painful burning rash) is objectively sufficiently serious,[1] Mr. Jones fails to state an Eighth Amendment violation, because he does not allege facts establishing the subjective component of his claim. Importantly, even if Defendants knew of a risk of harm, Mr. Jones' allegations do not demonstrate they failed to take reasonable measures to abate it. *Callahan*, 471 F.3d at 1159. Instead, Mr. Jones' Amended Complaint suggests nothing more than that Defendants improperly exercised their medical judgment.

Regarding Dr. Santini, Mr. Jones alleges only that Dr. Santini prescribed two ineffective medications and refused to refer Mr. Jones to a dermatologist. Am. Compl. 5, ECF No. 21. "Plaintiff's belief that he needed additional medication, other than that prescribed by the treating physician, as well as his contention that he was denied treatment by a specialist is . . . insufficient

---

[1] There is considerable disagreement among courts as to whether a painful rash constitutes an objectively serious medical condition. *Compare Walker v. Cal. Dep't of Corrs & Rehab.*, No. 09-cv-01602-LJO-GSA-PC, 2011 WL 5825929, at *4 (E.D. Cal. Nov. 17, 2011) ("Plaintiff has sufficiently shown a serious medical need, based on allegations that she suffered from eczema, with open sores and rashes developing all over her body, causing pain, unbearable itching, and elevated blood pressure."), *with Smith v. Schwartz*, No. 10-721-GPM, 2011 WL 2115831, at *3 (S.D. Ill. May 26, 2011) ("Smith's allegations that he suffered chronic itching, athlete's foot, chafing, peeling skin, and a painful, infected rash on his buttocks due to an inability to shower and clean his cell while Pinckneyville was locked down do not show a serious medical condition."); *see also Bruce v. Wilson*, No. 13-cv-0491-WJM-CBS, 2013 WL 5890793, at *7 (D. Colo. Nov. 4, 2013) (collecting cases). Although the Court does not decide whether Mr. Jones' rash constituted an objectively serious medical issue, the lack of binding precedent on this issue further supports the Court's finding that a constitutional violation was not clearly established.

7

to establish a constitutional violation." *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992). Indeed, Dr. Santini's decisions regarding what medications to prescribe and whether to consult a specialist are matters within his medical judgment. *See Self*, 439 F.3d at 1232 ("Matters that traditionally fall within the scope of medical judgment are such decisions as whether to consult a specialist or undertake additional medical testing."); *Franklin v. Kan. Dep't of Corrs.*, 160 F. App'x 730, 735 (10th Cir. 2005) (unpublished) ("Whether a specialist should be consulted is generally considered an exercise of medical judgment that is not subject to redress under the Eighth Amendment."). To be sure, the failure to refer a patient to a specialist may be actionable when a lay person would easily recognize the necessity for a specialist's attention. *Oxendine v. Kaplan*, 241 F.3d 1272, 1278 (10th Cir. 2001). However, a painful rash is not the type of injury a lay person would easily recognize as needing a specialist's attention. *See Bruce v. Wilson*, No. 13-cv-0491-WJM-CBS, 2013 WL 5890793, at *7 (D. Colo. Nov. 4, 2013) (holding that a failure to refer the plaintiff to a dermatologist did not give rise to an Eighth Amendment violation, in part because, the plaintiff's condition did not obviously require unusual medical skill or ability).

Mr. Jones' claim against Mr. Lozano and Mr. Hutson fails for substantially the same reason. Their decisions to refer Mr. Jones to Dr. Santini and the sick call protocol, instead of a specialist, constitute an exercise of medical judgment not subject to Eighth Amendment scrutiny. *See Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) ("The decision that a patient's condition requires a specialist is a decision about the patient's course of treatment, and 'negligent diagnosis or treatment of a medical condition do[es] not constitute a medical wrong under the Eighth Amendment.'" (quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980))). Indeed, "even if the allegedly inadequate treatments caused [Mr. Jones'] skin condition to recur persistently, these fact

would, at best, support a medical malpractice claim." *Jackson v. Clowers*, 83 F. App'x 990, 993 (10th Cir. 2003) (unpublished).

The Court finds this case substantially similar to *Daly v. Wiley*, No. 08-cv-00411-PAB-BNB, 2010 WL 935660 (D. Colo. Mar. 10, 2010). In that case, the Honorable Phillip A. Brimmer held that the plaintiff failed to satisfy the subjective component of an Eighth Amendment claim, because the complaint made clear that "each time [the plaintiff] complained about his rash, he was examined and treated within a few days." *Id.* at *2. According to Judge Brimmer, "the plaintiff seems to take issue with the level of care and treatment he was receiving" for his "serious rash." *Id.* "However, 'a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment.'" *Id.* (quoting *Ramos*, 639 F.2d at 575). Similarly, Mr. Jones alleges that when he complained about his painful rash, Mr. Lozano and Mr. Hutson referred him to Dr. Santini or the sick call protocol.[2] Am. Compl. 5. Dr. Santini examined Mr. Jones and prescribed him medication. *Id.* That Mr. Jones disagrees with the level of care he received does not demonstrate that Defendants acted with an extraordinary degree of neglect.

The Tenth Circuit's decision in *Franklin* also supports this Court's finding. In that case, the plaintiff asserted the defendants acted with deliberate indifference by regularly denying him access to a back specialist for over two years. *Franklin*, 160 F. App'x at 735. The Tenth Circuit disagreed.

---

[2] To be sure, Mr. Jones alleges that Mr. Lozano did not provide treatment after Mr. Jones discussed his condition with Mr. Lozano in the meal line. Am. Compl. 5. However, by Mr. Jones' own allegations, Mr. Lozano knew that Mr. Jones had seen Dr. Santini and was attending the sick call protocol at that time. *See Sherman v. Klenke*, 67 F. Supp. 3d 1210, 1234 (D. Colo. 2014) (stating that the defendant was not deliberately indifferent to the plaintiff's medical condition, simply because the defendant declined to override a doctor's medical decisions), *overruled on other grounds*, 653 F. App'x 580 (10th Colo. 2016).

9

*Id.* The plaintiff's complaint discussed "numerous doctor visits and various treatments that the prison doctors provided to relieve his pain. . . . To the extent that [the plaintiff] quarrels with the treatment provided by prison medical staff, medical malpractice does not constitute deliberate indifference." *Id.* Similarly, Mr. Jones' Amended Complaint discusses numerous visits he had with Dr. Santini, Mr. Lozano, and Mr. Hutson. Am. Compl. 5. Defendants responded by providing direct treatment or referring Mr. Jones to internal medical staff. *Id.* at 5, 21. Accordingly, Defendants' actions do not demonstrate deliberate indifference to Mr. Jones' medical needs.

### B. Clearly Established Law

Even if Defendants' conduct constituted deliberate indifference, Mr. Jones cites to no law clearly establishing an Eighth Amendment violation. To assert a constitutional violation against a public official who has raised a qualified immunity defense, a plaintiff must demonstrate the official's conduct violated clearly established law. *See, e.g.*, *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Zia Trust Co. ex rel. Causey v. Montoya*, 597 F.3d 1150, 1155 (10th Cir. 2010).

To be sure, Tenth Circuit precedent establishes that a medical professional who knows of and appreciates an inmate's serious risk of harm must make a good faith effort to assess him. *See Self*, 439 F.3d at 1232; *Mata v. Saiz*, 427 F.3d 745, 758 (10th Cir. 2005). However, Supreme Court and Tenth Circuit precedent do not establish that regularly deciding to treat an inmate internally, instead of through an outside specialist, constitutes a lack of a good faith effort. *See White v. Pauly*, 137 S. Ct. 548, 551 (2017) ("[T]he clearly established law must be 'particularized' to the facts of

the case."). To the contrary, the Tenth Circuit has consistently held that, absent an extraordinary condition clearly requiring a medical specialist, regularly treating a prisoner internally for the same medical issue does not constitute deliberate indifference. *See Duffield*, 545 F.3d at 1239; *Franklin*, 160 F. App'x at 735 (holding that denying a prisoner's requests to be referred to an outside specialist for constant back pain does not demonstrate deliberate indifference). Accordingly, binding Supreme Court or Tenth Circuit precedent would not put a reasonable officer on notice that consistently declining an inmate's request to see a dermatologist, and instead treating the inmate internally, would violate the inmate's constitutional rights. As such, the Court recommends finding that Defendants are entitled to qualified immunity.

## **CONCLUSION**

In sum, the Court finds that Mr. Jones fails to assert an Eighth Amendment violation against Dr. Santini, Mr. Lozano, and Mr. Hutson. Specifically, Mr. Jones does not allege facts demonstrating that Defendants acted with deliberate indifference to his medical needs. Moreover, any violation was not clearly established. Because the Court separately recommends granting Defendants' Motion for Summary Judgment on Mr. Jones' second claim for relief, the Court does not address the merits of this claim. Accordingly, the Court recommends that Defendants' Motion to Dismiss [filed October 27, 2017; ECF No. 41] be **granted in part and denied in part**.[3]

---

[3] Be advised that all parties shall have fourteen days after service to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being

Entered and dated at Denver, Colorado, this 2nd day of January, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).