IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01231-PAB-MEH

STEVEN BRADLEY JONES, SR.,

     Plaintiff,

v.

GEORGE SANTINI,
WILLIAMSON,
HECTOR LOZANO,
LARRY HUTSON, and
THOMAS G. KRAUS, M.D.,

     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Defendants Hector Lozano and Williamson seek summary judgment on Plaintiff Steven Bradley Jones' second claim for relief. According to Defendants, Mr. Jones failed to exhaust this claim before filing the present action. Although Mr. Jones filed a combined response to Defendants' Motion to Dismiss and Motion for Summary Judgment, he does not address Defendants' exhaustion argument. The Court finds the undisputed evidence demonstrates Mr. Jones did not exhaust his claims before filing this case. Accordingly, the Court respectfully recommends that Defendants' Motion for Summary Judgment be granted.

## BACKGROUND

Mr. Jones is an inmate at the Federal Correctional Institution in Littleton, Colorado. Am. Compl. 2, ECF No. 21; Mot. for Summ. J. ¶ 1, ECF No. 42. On May 5, 2017, Mr. Jones submitted an administrative remedy request to the Warden asserting Defendants Lozano and Williamson

confiscated his walking cane in retaliation for filing a lawsuit and grievances. Decl. of Megan G. Marlow ¶ 10, ECF No. 42-1. On May 19, 2017, Mr. Jones filed the present case. Compl. 1, ECF No. 1. Mr. Jones' second cause of action asserts Mr. Lozano and Mr. Williamson violated the First Amendment when they confiscated his walking cane. Am. Compl. 6.

The Warden denied Mr. Jones' administrative remedy request on June 13, 2017, Decl. of Megan G. Marlow ¶ 10, and Mr. Jones filed an appeal to the Regional Director on June 23, 2017. *Id.* After the Regional Director denied Mr. Jones' appeal, he filed a complaint at the national level on August 28, 2017. *Id.* ¶ 11; ECF No. 42-1, at 15.

On October 27, 2017, Defendants Lozano and Williamson filed the present Motion for Summary Judgment, which argues that Mr. Jones did not properly exhaust his administrative remedies before filing this case. Mot. for Summ. J., ECF No. 42. According to Defendants, when Mr. Jones filed suit, he had initiated only the second step of a four-step administrative remedy process. Because the Prison Litigation Reform Act ("PLRA") requires that an inmate complete every step of a prison's administrative process, Defendants contend Mr. Jones did not satisfy the PLRA's mandatory exhaustion requirement. *Id.* at 4. Although Mr. Jones filed a combined response to Defendants' Motion to Dismiss and Motion for Summary Judgment, he does not address Defendants' exhaustion argument. *See* Pl.'s Resp., ECF No. 52. Defendants filed a Reply in Support of Their Motion for Summary Judgment on December 8, 2017. ECF No. 54.

## LEGAL STANDARDS

### I.      Federal Rule of Civil Procedure 56

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). A court shall grant summary

judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A fact is material if it might affect the outcome of the suit under the governing substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the court the factual basis for its motion.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial."  *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002).  Only admissible evidence may be considered when ruling on a motion for summary judgment.  *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

If the movant properly supports a motion for summary judgment, the non-moving party has the burden of showing there are issues of material fact to be determined.  *Celotex*, 477 U.S. at 322. That is, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial.  Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."); *Hysten v. Burlington N. & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002).  These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at

324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## II.     Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a pro se plaintiff's pleadings "liberally" and hold the pleadings "to a less stringent standard than formal pleadings filed by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Id.* (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean:

> [I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

## ANALYSIS

Pursuant to the PLRA, prisoners must fully exhaust all available administrative remedies.

42 U.S.C. § 1997e(a). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). To exhaust available remedies, a prisoner "must 'complete the administrative review process in accordance with the applicable procedural rules'—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 922 (2007) (citation omitted) (quoting *Woodford*, 548 U.S. at 88). When a prison grievance process requires multiple levels of appeals, it is insufficient that the prisoner file a grievance; "an inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) ("[A]n inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure."). "[T]he burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

Importantly, an inmate must complete the administrative review process before filing suit. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Fitzgerald v. Corrs. Corp. of Am.*, 403 F.3d 1134, 1140–41 (10th Cir. 2005) ("42 U.S.C. § 1997e(a) requires exhaustion of administrative remedies as a precondition to bringing litigation, and requires dismissal where a litigant has failed to complete such exhaustion."). Therefore, "[a]n inmate is not permitted to complete the administrative exhaustion process *after* he files suit." *Snyder v. Harris*, 406 F. App'x 313, 317 (10th Cir. 2011) (unpublished).

The Bureau of Prisons ("BOP") maintains a four-step grievance process. Decl. of Megan G. Marlow ¶ 4, ECF No. 42-1; 28 C.F.R. § 542.10. An inmate must first attempt to informally resolve his concern with the responsible BOP staff member. Decl. of Megan G. Marlow ¶ 4; 28 C.F.R. § 542.13. If informal resolution does not resolve the inmate's complaint, the inmate must file an administrative remedy request with the Warden. Decl. of Megan G. Marlow ¶ 4; 28 C.F.R. § 542.14. At the third step, the inmate must file an appeal to the Regional Director. Decl. of Megan G. Marlow ¶ 4; 28 C.F.R. § 542.15. If the Regional Director denies the appeal, the inmate must submit a final appeal to the National Appeals Administrator. Decl. of Megan G. Marlow ¶ 4; 28 C.F.R. § 542.15.

Here, it is undisputed that Mr. Jones did not complete this process with respect to his retaliation claim until after he initiated the present case. When Mr. Jones filed suit on May 19, 2017, he had not submitted an appeal to the Regional Director or a final appeal to the National Appeals Administrator. Decl. of Megan G. Marlow ¶ 10. Indeed, Mr. Jones had not even received a response to his step-two formal complaint. *Id.* Because "administrative remedies [were] not exhausted when the complaint was filed, dismissal [is] proper." *Pusha v. Myers*, 608 F. App'x 612, 615 (10th Cir. 2015) (unpublished); *Snyder*, 406 F. App'x at 317 ("An inmate is not permitted to complete the administrative exhaustion process *after* he files suit."); *Crosby v. Nelson*, No. 12-cv-01995-PAB-KLM, 2014 WL 1032568, at *3 (D. Colo. Mar. 18, 2014) ("Plaintiff provides no authority indicating that he can satisfy the PLRA's administrative exhaustion requirement by filing an administrative remedy request after filing a complaint."); *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597953, at *7 (D. Colo. Apr. 6, 2011) ("Grievances that Mr. Culp filed after initiating this lawsuit do not properly exhaust his administrative remedies. As Mr. Culp filed the

lawsuit before filing his Step 2 or Step 3 grievances, he failed to exhaust administrative remedies as to this claim.").

To be sure, it appears as though Mr. Jones has now exhausted his administrative remedies with regard to his retaliation claim. *See* Decl. of Megan G. Marlow ¶ 11 (stating that a response was due from the National Appeals Administrator on October 27, 2017). The Court is aware that dismissing a recently exhausted claim without prejudice may be an inefficient outcome. However, as the Tenth Circuit has recognized, "[s]ince the PLRA makes exhaustion a precondition to *filing* a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency." *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012) (unpublished) (holding that dismissal without prejudice was appropriate, because, although "the administrative review process had been completed by the time the case was ripe for decision, . . . the process was incomplete when [the plaintiff] filed suit").

Accordingly, the Court recommends dismissing Mr. Jones' second claim for relief without prejudice.

## CONCLUSION

In sum, the Court finds that Mr. Jones failed to exhaust the BOP administrative remedies for his retaliation claim prior to filing suit. Accordingly, the Court recommends that Defendants Williamson and Lozano's Motion for Summary Judgment [filed October 27, 2017; ECF No. 42] be **granted**.[1]

_____

[1] Be advised that all parties shall have fourteen days after service to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to

Entered and dated at Denver, Colorado, this 2nd day of January, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).