IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01231-PAB-MEH

STEVEN BRADLEY JONES, SR., #06332-091,

Plaintiff,

v.

DR. GEORGE SANTINI M.D./C.D.,
FNU WILLIAMSON P.A./MLP,
HECTOR LOZANO, Assoc. Administrator,
LARRY HUTSON, Administrator, and
DR. THOMAS G. KRAUS M.D./C.D.,

Defendants.

---

**ORDER**

---

This matter is before the Court on two recommendations [Docket Nos. 57 and

58] filed on January 2, 2017 by Magistrate Judge Michael E. Hegarty (collectively, the

"Recommendations"). Also before the Court are Plaintiff's Objection to

Recommendation of United States Magistrate Judge and Request for Appointment of

Civil Pro Bono Representation Pursuant to Local Rule 15(a) [Docket No. 61] and

Plaintiff's Objection to Recommendation of United States Magistrate Judge (Doc. 58),

and Request, Demand for Jury Trial Pursuant to Fed. R. Civ. P. 38(b). Docket No. 62.[1]

---

[1] In light of plaintiff's pro se status, the Court construes his filings liberally. *See
Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 &
n.3 (10th Cir. 1991).

## I. BACKGROUND

Plaintiff Steven Bradley Jones, Sr., an inmate at FCI Englewood in Colorado, suffered an adverse reaction to 500 mg. of Ciprofloxacin, which was prescribed to him by defendant Thomas G. Kraus M.D. Docket No. 21 at 4-5. Plaintiff alleges that, as a result of the adverse reaction, he "continues to suffer from painful, itchy, burn-like lesions upon his underarms, hands, face and upper arms" and that he has developed "adverse reactions to common, everyday toiletry products such as soap, deoderant [sic], toothpaste etc." Docket No. 21 at 4. Plaintiff claims that, since the adverse reaction, defendants other than Dr. Kraus have denied him proper treatment and have refused to refer him to a dermatologist. *Id*. at 5. Plaintiff also claims that, in retaliation for filing this lawsuit, defendant Hector Lozano, the associate administrator of health services at FCI Englewood, told defendant Williamson, a physician's assistant, to confiscate plaintiff's cane, which Mr. Williamson did. *Id*. at 2, 6.

On May 19, 2017, Magistrate Judge Gordon P. Gallagher directed plaintiff to amend his initial complaint because his claims were not supported by specific factual allegations. Docket No. 7 at 5. After amendment, District Judge Lewis T. Babcock dismissed plaintiff's claims against Dr. Kraus as legally frivolous and ordered that the case be randomly reassigned. Docket No. 11 at 4; *see also* D.C.COLO.LCivR 8.1. Thereafter, plaintiff filed a second amended complaint containing three claims: (1) deliberate indifference to his serious medical needs[2] against all defendants, (2)

---

[2] Plaintiff's second amended complaint does not identify the basis for plaintiff's first claim, but such claims, by their nature, arise under the Eighth Amendment. *See* Docket No. 21 at 5.

retaliation in violation of the First Amendment against defendants Williamson and Lozano based on the confiscation of plaintiff's cane, and (3) failure to protect in violation of the Eighth Amendment against Dr. Kraus. Docket No. 21 at 5-7.

After plaintiff served all defendants except Dr. Kraus, defendants George Santini M.D., Larry Hutson, the administrator of health services at FCI Englewood, Williamson and Lozano (collectively, "defendants") filed a motion to dismiss plaintiff's first and second claims for relief. Docket No. 41. Defendants Williamson and Lozano also moved for summary judgment on plaintiff's second claim. Docket No. 42. After these motions were filed, plaintiff served Dr. Kraus. Docket No. 56.

On January 2, 2017, Magistrate Judge Hegarty issued his Recommendations. Docket Nos. 57, 58. Plaintiff filed timely objections to the Recommendations. Docket Nos. 61, 62. Plaintiff also requests appointment of pro bono counsel pursuant to D.C.COLO.LCivR 15. Docket No. 61 at 5.

## II. MAGISTRATE JUDGE RECOMMENDATIONS

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by plaintiff. Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for de novo review by the district court . . . ." *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added). To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *See id.* at 1059 (quoting *Thomas v. Arn*, 474

U.S. 140, 147 (1985)).  In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("[I]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

## A.   Plaintiff's First Claim

In his first claim, plaintiff alleges violations of his Eighth Amendment rights. Docket No. 21 at 5, 7.  "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  To prevail on his claim that defendants violated the Eighth Amendment, plaintiff must show that (1) objectively, the harm he complains of is sufficiently "serious" to merit constitutional protection and (2) defendants were subjectively aware of a substantial risk to plaintiff's health or safety and acted in purposeful disregard of that risk.  *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  Upon a public official's assertion of a qualified immunity defense, plaintiff bears a "heavy burden" under a two-pronged analysis.  *Buck v. City of Albuquerque,*

4

549 F.3d 1269, 1277 (10th Cir. 2008).  Under the first prong of the analysis, the plaintiff

is required to "establish that the defendant's actions violated a constitutional or statutory

right." *Smith v. Cochran,* 339 F.3d 1205, 1211 (10th Cir. 2003) (quoting *Holland ex rel.*

*Overdorff v. Harrington,* 268 F.3d 1179, 1185 (10th Cir. 2001)).  The determination of

whether a violation occurred under the first prong of the qualified immunity analysis

turns on substantive law regarding that right.  *See, e.g., Casey v. City of Fed. Heights,*

509 F.3d 1278, 1282-83 (10th Cir. 2007).  Under the second prong, the plaintiff must

show that the right at issue was "clearly established" at the time of the defendant's

alleged misconduct.  *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

The magistrate judge recommends that plaintiff's first claim be dismissed on

qualified immunity grounds.  Docket No. 57 at 6.  Specifically, the magistrate judge

found that plaintiff had both failed to allege a constitutional violation and failed to show

that the law was clearly established. *Id*. at 10-11.  The magistrate judge assumed that

plaintiff's alleged injury was sufficiently serious to meet the objective element of a

serious medical need, but nonetheless found that plaintiff had not alleged a

constitutional violation because he had not alleged sufficient facts to support the

subjective element of deliberate indifference.  *Id*. at 7.  The magistrate judge found that

the defendants' decisions about treatment "constitute[d] an exercise of medical

judgment not subject to Eighth Amendment scrutiny."  *Id*. at 8 (citing *Duffield v.*

*Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008)).  The magistrate judge found that

plaintiff did not show that the law was clearly established because "binding Supreme

Court or Tenth Circuit precedent would not put a reasonable officer on notice that

5

consistently declining an inmate's request to see a dermatologist, and instead treating the inmate internally, would violate the inmate's constitutional rights." *Id*. at 11.

Plaintiff devotes the majority of his objection to arguing that his injury is objectively serious. Docket No. 61 at 1-3. But, as noted above, the magistrate judge assumed that plaintiff's injury was objectively serious. Docket No. 57 at 7-10. Thus, this objection is irrelevant to the magistrate judge's recommendation.

In relation to the subjective element, plaintiff argues that his allegations state a constitutional violation because he was "left to suffer" due to his condition "without proper diagnosis or proper prescribed course of treatment, even after repeatedly informing defendants of the situation." Docket No. 61 at 3.

The Court agrees with the magistrate judge's determination that plaintiff's allegations do not state a constitutional violation because they do not satisfy the subjective element of the deliberate indifference test. Plaintiff's allegations that Dr. Santini failed to correctly diagnose his condition and prescribed unsuccessful treatments does not show that Dr. Santini was indifferent to plaintiff's suffering. *Sealock v. Colorado*, 218 F.3d 1205, 1212 n.7 (10th Cir. 2000) (finding that misdiagnosis did not constitute deliberate indifference); *Oakley v. Phillips*, No. 15-cv-01004-CMA, 2015 WL 5728734, at *7 (D. Colo. Sept. 30, 2015) ("The subjective part of the test is not satisfied when a physician evaluates a patient's symptoms and provides care consistent with those symptoms, but still misdiagnoses the patient, . . . particularly when there is evidence of a good faith effort to treat and diagnose the condition.") (citation omitted); *see also* Docket No. 21 at 5. Likewise, plaintiff's allegations that defendants denied his requests to be referred to a dermatologist are insufficient to

show that defendants were deliberately indifferent. *See Ledoux v. Davies*, 961 F.2d

1536, 1537 (10th Cir. 1992) ("Plaintiff's belief that he needed additional medication,

other than that prescribed by the treating physician, as well as his contention that he

was denied treatment by a specialist is, as the district court correctly recognized,

insufficient to establish a constitutional violation." (citing *Estelle v. Gamble*, 429 U.S. 97,

107 (1976))); *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006) ("Matters that

traditionally fall within the scope of medical judgment are such decisions as whether to

consult a specialist or undertake additional medical testing.").[3]  Plaintiff does not allege

that defendants' decisions not to refer him to a specialist were motivated by malice, that

Dr. Santini knew he was unable to treat plaintiff, that Dr. Santini completely denied him

care, or that Dr. Santini's actions were otherwise more than a negligent failure to

diagnose and treat plaintiff's condition.  This is insufficient to state a claim for deliberate

indifference in violation of the Eighth Amendment because it does not meet the

subjective prong of the test.  *Sealock*, 218 F.3d at 1211.  Therefore, the Court will

overrule plaintiff's objections and adopt the magistrate judge's recommendation that

claim one be dismissed with respect to defendants.

Because the Court finds that plaintiff's allegations do not establish a

---

[3] Plaintiff does not allege that defendants Lozano and Hutson have any medical training.  *See* Docket No. 21 at 5.  As such, it is not deliberate indifference for them to rely on Dr. Santini's medical judgment regarding whether plaintiff should be referred to a specialist for treatment.  *See McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir. 1977) (holding that a prison official was entitled to rely on the opinion of a medical professional and that plaintiff's disagreement with that opinion did not provide a basis for a deliberate indifference claim).

constitutional violation, the Court does not address the second prong of the qualified

immunity analysis, i.e., whether the law was clearly established. *See Gutierrez v.

Cobos*, 841 F.3d 895, 898 (10th Cir. 2016).

### B. Plaintiff's Second Claim

With respect to the motion for summary judgment [Docket No. 42], the

magistrate judge recommends that it be granted and plaintiff's second claim be

dismissed for failure to exhaust administrative remedies. Docket No. 58 at 7.

Under 42 U.S.C. § 1997e(a), plaintiff was required to exhaust his administrative

remedies before filing his claims. Plaintiff does not dispute that he failed to comply with

the Bureau of Prisons' four-step grievance process before he filed suit. *See* Docket No.

62. Plaintiff argues, however, that the danger posed by the lack of his cane was a

"'special circumstance[]'" that excused his failure to exhaust administrative remedies.

*Id*. at 4 (quoting *Ruggiero v. Cty. of Orange*, 386 F. Supp. 2d 434, 437 (S.D.N.Y.

2005)). Plaintiff did not raise this argument in his response to the motion for summary

judgment, Docket No. 52, and, therefore, it is waived. *Marshall v. Chater*, 75 F.3d

1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the

magistrate judge's recommendation are deemed waived."). Accordingly, the Court

overrules plaintiff's objection that he is excused from exhausting administrative

remedies.

In this matter, the Court has reviewed the Recommendation [Docket No. 58] to

satisfy itself that there is "no clear error on the face of the record."[4] Fed. R. Civ. P.

---

[4] This standard of review is something less than a "clearly erroneous or contrary
to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo

72(b), Advisory Committee Notes.  The Court finds no clear error with respect to the magistrate judge's recommendations and will adopt them.  Accordingly, the Court will grant the motion for summary judgment and dismiss plaintiff's second claim.

## III.  CLAIMS AGAINST DR. KRAUS

Because plaintiff is a prisoner and he is seeking redress from an officer or employee of a governmental entity, the Court must review plaintiff's claims pursuant to 28 U.S.C. § 1915A(a) "as soon as practicable after docketing" and dismiss any claims that are legally frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Judge Babcock found that plaintiff's

> Eighth Amendment claim is legally frivolous to the extent the claim is asserted against Dr. Kraus because Mr. Jones alleges only that Dr. Kraus "prescribed the fateful medication which has damaged/poisoned plaintiff." (ECF No. 10 at 5.)  Mr. Jones does not allege any facts that demonstrate Dr. Kraus prescribed the medication knowing Mr. Jones faced a substantial risk of serious harm of an adverse reaction or that Dr. Kraus has been involved in the alleged denial of medical treatment in response to the adverse reaction.  As a result, the facts alleged do not support an arguable Eighth Amendment claim against Dr. Kraus.

Docket No. 11 at 4.  Plaintiff's first claim, for deliberate indifference, is identical to the allegation in plaintiff's first amended complaint, which was dismissed as frivolous.  *Compare* Docket No. 10 at 5 *with* Docket No. 21 at 5.  Plaintiff's third claim, for failure to protect, states that "Dr. Kraus has a vast knowledge of the medications that he suggests and prescribes to his patients, and Dr. Kraus knew or should have known that

---

review.  Fed. R. Civ. P. 72(b).

the medication Ciprofloxacin 500MG could be dangerous and/or harmful to patients on an individual basis." Docket No. 21 at 7. This claim did not appear in plaintiff's first amended complaint. *See* Docket No. 10 at 7.

Despite plaintiff's two attempts at amendment, plaintiff's allegations do not provide an arguable basis for any claim that Dr. Kraus violated plaintiff's Eighth Amendment rights. Specifically, plaintiff provides no factual basis that Dr. Kraus would have known that a prescription for 500 mg. of Ciprofloxacin presented a serious risk of harm to plaintiff before plaintiff's adverse reaction to the medication. Plaintiff's claims that Dr. Kraus knew about the dangers of medications generally does not provide a factual basis for an Eighth Amendment claim because it does not show that Dr. Kraus actually drew the inference that 500 mg. of Ciprofloxacin posed a risk of harm to plaintiff. *Farmer*, 511 U.S. at 837 ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Estelle*, 429 U.S. at 105. As such, plaintiff's claims against Dr. Kraus are legally frivolous and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Therefore, the Court will dismiss plaintiff's first and third claims against Dr. Kraus.

## IV. APPOINTMENT OF COUNSEL

Plaintiff notes that defendants are represented by counsel and requests

appointment of counsel so that he can have the "same protection which has been afforded to these defendants." Docket No. 61 at 5. Because the Court's rulings result in the dismissal of all of plaintiff's claims, the Court will deny plaintiff's request for appointment of counsel as moot.

## V. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 57] is **ACCEPTED**. It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 58] is **ACCEPTED**. It is further

**ORDERED** that the Motion to Dismiss [Docket No. 41] is **GRANTED** in part and **DENIED** in part, as recommended by the magistrate judge. It is further

**ORDERED** that the Motion for Summary Judgment [Docket No. 42] is **GRANTED**. It is further

**ORDERED** that the request for appointment of counsel in Plaintiff's Objection to Recommendation of United States Magistrate Judge and Request for Appointment of Civil Pro Bono Representation Pursuant to Local Rule 15(a) [Docket No. 61] is **DENIED** as moot. It is further

**ORDERED** that plaintiff's first and third claims are dismissed with prejudice. It is further

**ORDERED** that plaintiff's second claim is dismissed without prejudice. It is further

**ORDERED** that, within 14 days after entry of judgment, defendants may have

their costs by filing a Bill of Costs with the Clerk of the Court.  It is further

**ORDERED** that this case is closed

DATED March 8, 2018.

                                BY THE COURT:

                                s/Philip A. Brimmer
                                PHILIP A. BRIMMER
                                United States District Judge